# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ISAAC KENNETH FULLMAN,** | : | **Civil No. 4:12-CV-1879** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PATTON TOWNSHIP POLICE** | : | |
| **DEPARTMENT, et al.,** | : | |
| | : | |
| **Defendants** | : | |

_____

| | | |
|---|---|---|
| **ISAAC KENNETH FULLMAN,** | : | **Civil No. 4:12-CV-1880** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENN STATE UNIVERSITY POLICE** | : | |
| **DEPARTMENT, et al.,** | : | |
| | : | |
| **Defendants** | : | |

_____

| | | |
|---|---|---|
| **ISAAC KENNETH FULLMAN,** | : | **Civil No. 4:12-CV-1881** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **CENTRE COUNTY DISTRICT** | : | |
| **ATTORNEYS OFFICE,** | : | |
| | : | |
| **Defendant** | : | |

_____

| | | |
|---|---|---|
| **ISAAC KENNETH FULLMAN,** | : | **Civil No. 4:12-CV-1882** |

|                                  |   |                                |
|----------------------------------|---|--------------------------------|
|                                  | : |                                |
| **Plaintiff**                    | : |                                |
|                                  | : | **(Chief Judge Kane)**         |
| **v.**                           | : |                                |
|                                  | : | **(Magistrate Judge Carlson)** |
| **STATE COLLEGE BOROUGH**        | : |                                |
| **POLICE DEPARTMENT, et al.,**   | : |                                |
|                                  | : |                                |
| **Defendants**                   | : |                                |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

These four cases, which come before the court for a statutorily mandated screening review, involve a common nucleus of operative facts. In each instance the plaintiff, Isaac Fullman, has alleged that his civil rights were violated in connection with a state criminal prosecution in Centre County for DUI and traffic offenses, or some other summary offense. Yet, in each instance, Fullman reveals that he stands convicted of the criminal charges which lie at the heart of the lawsuit. In fact, in some instances Fullman recites that he pleaded guilty to these offenses. Thus, Fullman's four civil lawsuits, which are lodged against the various police who charged him and the district attorneys office which convicted him, seek to re-litigate these criminal convictions in the guise of civil litigation.

Along with his complaints, Fullman has sought leave to proceed *in forma pauperis.* While we will grant Fullman's various motions for leave to proceed *in forma pauperis*, as part of our legally-mandated  screening of *pro se*, *in forma*

*pauperis* cases, we have carefully reviewed these complaints, and conclude that, in their current form, the complaints fail to state a claim upon which relief can be granted. Accordingly, for the reasons set forth below, it is recommended that the complaint be dismissed.

## II.    Discussion

### A.      Screening of *Pro Se* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which  seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a

plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level

of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B.  Fullman May Not Bring a Civil Rights Action for False Arrest Based Upon What Are Presently Valid Criminal Convictions and Sentences

At the outset, these four complaints fail because they each rest on a fatally flawed legal premise. At bottom, Fullman seeks to bring these civil rights actions premised on claims arising out of  valid state criminal convictions which he admits have not otherwise been set aside or overturned.

This he cannot do. Quite the contrary, it is well-settled that an essential element of a civil rights claim in this setting is that the underlying criminal case must have been terminated in favor of the civil rights claimant. Therefore, where, as here, the civil rights plaintiff brings a claim based upon a state case that resulted in a conviction, the plaintiff's claim fails as a matter of law.  The United States Court of Appeals for the Third Circuit has aptly observed in this regard:

The Supreme Court has "repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability." Heck v. Humphrey, 512 U.S. 477, 483(1994) ( quoting Memphis Community School Dist. v. Stachura, 477 U.S. 299, 305(1986) (internal quotation marks omitted)). Given this close relation between § 1983 and tort liability, the Supreme Court has said that the common law of torts, "defining the elements of damages and the prerequisites for their recovery, provide[s] the appropriate starting point for inquiry under § 1983 as well." Heck, 512 U.S. at 483( quoting Carey v. Piphus, 435 U.S. 247, 257-58,(1978)). The Supreme Court applied this rule in Heck to an inmate's § 1983 suit, which alleged that county prosecutors and a state police officer destroyed evidence, used an unlawful voice identification procedure, and engaged in other misconduct. In deciding whether the inmate could state a claim for those alleged violations, the Supreme Court asked what common-law cause of action was the closest to the inmate's claim and concluded that "malicious prosecution provides the closest analogy ... because unlike the related cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to legal process." Heck, 512 U.S. at 484. Looking to the elements of malicious prosecution, the Court held that the inmate's claim could not proceed because one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor, and the inmate in Heck had not successfully challenged his criminal conviction. Id.

Hector v. Watt, 235 F.3d 154, 155-156 (3d Cir. 2000)

In this case it is evident from Fullman's various complaints that his prior state criminal prosecutions did not terminate favorably for him, since he admits that he was convicted in each of these state cases. Since "one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor." id., the immutable fact of Fullman's convictions presently defeats any federal civil rights claims based upon these state criminal cases, and compels dismissal of these claims. In short, these complaints are based upon the fundamentally

flawed legal premise that Fullman can sue state officials for civil rights violations arising out of his state criminal prosecutions even though he stands convicted of the crimes charged against him. Since this premise is simply incorrect, Fullman's various complaints fail as a matter of law.

### C.   Fullman's Claims Against The District Attorneys Office Fail

In addition, Fullman's claims against the district attorney's office fail for yet another reason. While the nature of his claims against these prosecutors is difficult to discern, it appears that the plaintiff is suing the prosecutors for the very act of prosecuting him.

This he may not do. It is well-settled that a criminal defendant may not sue prosecutors for their act of filing charges against him since such conduct is cloaked in immunity from civil liability. The immunity conferred upon prosecutors for the quasi-judicial act of filing and bringing criminal charges is broad and sweeping:

> [T]he Supreme Court [has] held that state prosecutors are absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role. This immunity extends to acts that are "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case." Court has noted numerous public policy considerations underlying its extension of absolute immunity to prosecutors: [S]uits against prosecutors for initiating and conducting prosecutions "could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate"; lawsuits would divert prosecutors' attention and energy away from their important duty of enforcing the criminal law; prosecutors would have more difficulty than other officials in meeting the standards for qualified immunity; and potential liability "would

> prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." ... [T]here are other checks on prosecutorial misconduct, including the criminal law and professional discipline.

Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006)(citations omitted).

Here, we find that one of Fullman's complaint seeks to hold prosecutors personally liable for their act of prosecuting him. Since these officials are immune from personal, individual liability for their actions in bringing this criminal case against an alleged escapee, Fullman's claims against these defendants should also be dismissed.

While Fullman's *pro se* complaints seem flawed in these basic, and profound, ways, we recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d  229, 235 (3d Cir. 2004).  In this case, Fullman has not alleged facts with respect to the defendants named in his various complaints that would state a claim upon which relief may be granted, and it appears that he may be unable to do so. Nonetheless, out of an abundance of caution, and in order to preserve the plaintiff's rights, it is recommended that these cases be dismissed without prejudice to Fullman attempting to amend these federal complaints  to state a claim

upon which relief may be granted in federal court, by including proper allegations that meet the requirements of federal law.

### III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's motions for leave to proceed *in forma pauperis* be granted, and that the plaintiff's complaints in the four above-captioned cases be dismissed, but that the dismissal of these actions be without prejudice to any final effort by Fullman to timely allege facts in any amended complaints which might state claims upon which relief may be granted, provided Fullman acts within 20 days of any dismissal order.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 21st day of September, 2012.

                                        ***S/Martin C.  Carlson***_____
                                        Martin C. Carlson
                                        United States Magistrate Judge